UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-24636-CIV-MORENO**

TIANDRA VACCIANNA,

Plaintiff,

vs.

UNIVERSITY OF MIAMI,

Defendant.

_______________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

This case involves an employment discrimination action arising from Plaintiff Tiandra Vaccianna's allegations that Defendant University of Miami failed to accommodate her disability and interfered with her use of medical leave. Plaintiff brings six claims under the Florida Civil Rights Act, the Americans With Disabilities Act, and the Family and Medical Leave Act for failure to accommodate, interference, and retaliation. The Court grants the Motion to Dismiss as to Counts I and II because Plaintiff fails to sufficiently allege that she was a qualified individual capable of performing the essential functions of her position, with or without accommodation. The Court denies the Motion as to all remaining Counts.

## FACTUAL BACKGROUND

Defendant hired Plaintiff in October 2021 as a Customer Service Representative. In August 2022, Plaintiff began working as a Contact Center Associate for Defendant. Plaintiff has sickle-cell anemia, which she alleges substantially limits circulation, energy, and concentration

and requires ongoing treatment, monitoring, transfusions, hospitalization, and intermittent leave. Plaintiff disclosed her condition to Defendant and sought intermittent medical leave.

By December 2022, Plaintiff alleges that she was eligible and approved for intermittent leave under the Family and Medical Leave Act ("FMLA"). In June 2023, Plaintiff contends that Supervisor Deana Oneto denied her protected medical-leave requests. Plaintiff complained to Human Resources, and according to her Complaint, Human Resources agreed that the denials were improper. Plaintiff was then reassigned to Supervisor Caral Avalos. Despite the reassignment, Plaintiff alleges that Defendant continued requiring repeated and unnecessary medical documentation, giving her attendance warnings, and treating her requests negatively.

In January 2024, Plaintiff suffered a medical emergency requiring hospitalization, a cerebral angiogram, and a blood transfusion. She contends that her physician required a follow-up appointment on January 25, 2024, to monitor for a delayed transfusion reaction. Plaintiff states that Defendant refused to approve her absence because that date had not been specifically listed on her earlier medical certification. According to Plaintiff, this omission was outside of her control because of the nature of the medical emergency requiring the initial hospitalization. Plaintiff alleges that Defendant indicated the absence would be unprotected and subject to its attendance point system, placing Plaintiff at risk of discipline and termination. Because she feared accumulating attendance points and suffering disciplinary action, Plaintiff worked on January 25, 2024, rather than attending the follow up appointment. That night, Plaintiff alleges she suffered a sickle-cell crisis and was hospitalized from January 26, 2024, through February 6, 2024, with life-threatening complications.

During her hospitalization, Plaintiff alleges that Human Resources representatives repeatedly called, texted, and emailed Plaintiff, demanding that she log into her work computer,

complete her timesheets, and submit additional medical paperwork. Plaintiff alleges that these communications occurred while she was sedated and receiving treatment, interfering with her recovery. On February 5, 2024, while Plaintiff was still hospitalized, Plaintiff emailed Human Resources Representative Savoy Smith and complained about the communications, requesting an accommodation to respond to all requests after she had recovered. Still, Plaintiff contends that the demands continued. Fearing further interference of her rights and harm to her health and wellbeing, Plaintiff resigned on February 12, 2024.

## PROCEDURAL HISTORY

After her resignation, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination and was issued a Right to Sue Letter. Plaintiff filed her Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida. Defendant timely removed the action to this Court and filed a Motion to Dismiss the Complaint. Thereafter, Plaintiff filed an Amended Complaint, bringing six counts against Defendant. Defendant filed the underlying Motion to Dismiss.

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at

679. Detailed factual allegations are not required, but a complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted).

**DISCUSSION**

Defendant argues both that Plaintiff has failed to exhaust her administrative remedies and that she fails to state a plausible cause of action as to each count of the Amended Complaint. The Court addresses all arguments below.

**I. Plaintiff Exhausted Her Administrative Remedies**

Defendant argues that Plaintiff's EEOC Charge is premised on claims of retaliation and failure-to-accommodate during a six-week period in early 2024. Thus, Defendant contends, Plaintiff has failed to exhaust her administrative remedies as to all allegations outside the scope of her EEOC Charge, i.e., as to all claims under the ADA and the Florida Civil Rights Act ("FCRA") that include allegations beyond the six-week period noted in her EEOC Charge. Plaintiff responds that any facts alleged in the Complaint outside the six-week scope were included as background evidence to illuminate the meaning of Defendant's later actions.

To begin, the Court notes that Plaintiff's EEOC Charge is not an attachment to her Amended Complaint. Defendant attached Plaintiff's sworn EEOC Charge to its Motion as Exhibit A. Plaintiff does not argue against the inclusion of the EEOC Charge. Further, the Court may consider the EEOC Charge "without converting the motion to dismiss into a motion for summary judgment because it is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Veritas v. Cable News Network, Inc.*, 121 F.4th 1267, 1272 n.5 (11th Cir. 2024) (quoting *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024)).

The EEOC Charge contains the following allegations:

> I have a qualified disability. I was hired by the above-named Respondents September 09, 2023, as a Call Center Associate. The company employs at least 15 employees.
>
> I requested a reasonable accommodation in the form of FMLA to attend appointments, and I was denied an accommodation. Due to me being denied an accommodation and not allowed to attend my appointment, I suffered complications from my disability in January 2024. After being denied an accommodation that caused me to suffer a medical emergency, I [was] constructively discharged February 12, 2024.
>
> I believe I have been discriminated and retaliated against because of my disability, in violation of the Americans with Disabilities Act, Amendments Act of 2008.

(D.E. 11-1 at 2).

A plaintiff's judicial complaint is not strictly limited to her EEOC charge. Rather, a plaintiff may pursue claims that "amplify, clarify, or more clearly focus" the allegations in the charge, and claims are permitted if they are "like or related to, or grew out of, the allegations contained in her EEOC charge." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004). The purpose of the exhaustion requirement is to give the EEOC "the first opportunity to investigate the alleged discriminatory practices" and promote "conciliation efforts." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). As such, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [employment discrimination statutes]." *Gregory*, 355 F.3d at 1280 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460–61 (5th Cir. 1970)).

Plaintiff's EEOC Charge alleged that she requested an accommodation to attend medically necessary appointments, that Defendant denied her request in January 2024, that she then suffered a medical emergency related to her disability, and that she was constructively discharged on February 12, 2024. (D.E. 11-1 at 2). Counts I and II of the Amended Complaint assert failure-to-

accommodate claims under the FCRA and ADA/ADAA based on that same alleged denial of medically necessary leave and the events resulting in Plaintiff's alleged constructive discharge. Counts V and VI likewise assert FCRA and ADA retaliation claims arising from Defendant's alleged treatment of Plaintiff in connection with her requests for disability-related leave and the circumstances resulting in her alleged constructive discharge. Although the Amended Complaint provides substantially greater factual detail than the EEOC Charge, the claims asserted in Counts I, II, V, and VI arise from the same alleged course of conduct identified in the Charge and could reasonably be expected to grow out of the EEOC's investigation of those allegations. Accordingly, Plaintiff has exhausted her administrative remedies.

Nor does the Court find that the inclusion of allegations predating the period expressly described in the EEOC Charge requires dismissal of Counts I, II, V, or VI. The Amended Complaint alleges, among other things, that Plaintiff had requested intermittent medical leave and encountered difficulties obtaining such leave. Those allegations provide background and context for the disability-related conduct identified in the Charge. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (explaining that prior acts may be used "as background evidence to support a timely claim"). To the extent Plaintiff seeks to impose liability under the ADA or FCRA for a discrete act of discrimination or retaliation that falls outside the scope of her EEOC Charge, however, any such claim is unexhausted. But the presence of those factual allegations does not warrant dismissal of the properly exhausted claims asserted in Counts I, II, V, and VI.

## II. Constructive Discharge

Next, Defendant argues that each of Plaintiff's claims should be dismissed with prejudice because each Count is premised, at least in part, on Plaintiff's alleged constructive discharge.

According to Defendant, Plaintiff voluntarily resigned and cannot satisfy the high bar required to establish constructive discharge. In support, Defendant attached Plaintiff's February 12, 2024 resignation letter, in which Plaintiff stated that she was resigning effective immediately because she had "decided it's the best decision for me." (D.E. 11 at 4). The Court is unpersuaded.

Even assuming Plaintiff has not plausibly alleged constructive discharge, Defendant has not shown that dismissal of any Count necessarily follows. As to Counts I and II, Plaintiff's failure-to-accommodate claims under the ADA and FCRA do not depend exclusively on her alleged discharge. *See Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023) ("[D]iscrimination in the form of a failure to reasonably accommodate is actionable under the ADA only if that failure negatively impacts the employee's hiring, advancement, discharge, compensation, training, and other terms, conditions, and privileges of his employment."); *see also Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263–64 (11th Cir. 2007) (explaining that disability discrimination claims brought under the FCRA are analyzed under the same framework as the ADA). The same is true for Count III as constructive discharge is not an element of an FMLA interference claim. *See Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1241 (11th Cir. 2021) ("To establish an FMLA interference claim, an employee must show she was entitled to a benefit under the FMLA and her employer denied her that benefit."). Count IV likewise survives regardless of Plaintiff's constructive discharge claim. *See Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001) (explaining that to succeed on a retaliation claim a plaintiff must demonstrate that his employer "intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right"). Finally, the same reasoning applies to Counts V and VI as a retaliation claim under the FCRA and ADA requires a materially adverse action, but that action need not be an actual or

constructive discharge. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (explaining that an action is materially adverse if it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination").

Accordingly, Defendant's challenge to Plaintiff's constructive discharge allegations does not provide a basis for dismissal with prejudice as to all six Counts. Constructive discharge is not an element of Plaintiff's failure to accommodate or FMLA interference claims, and Plaintiff's retaliation claims do not rely exclusively upon her resignation as the alleged materially adverse action. Counts IV through VI allege retaliatory conduct preceding Plaintiff's resignation, and Counts V and VI expressly identify unwarranted threats of discipline and denial of the full benefit of Plaintiff's accommodations, in addition to constructive discharge, as materially adverse actions. At most, a determination that Plaintiff was not constructively discharged would eliminate her resignation as a basis for establishing an adverse employment consequence and require the Court to consider whether the remaining conduct alleged in each Count independently satisfies the applicable statutory standard.

Plaintiff has not filed an independent claim for constructive discharge in the Amended Complaint, nor will she be permitted to do so. Given the Court's determination above that none of Plaintiff's claims rely on a successful claim of constructive discharge, the Court does not reach Defendant's argument that Plaintiff has failed to state a claim for constructive discharge.

**III. <u>Counts I and II: Failure to Accommodate</u>**

Defendant argues that Plaintiff has failed to state a claim for failure to accommodate in Counts I and II because Plaintiff merely alleges, in a conclusory fashion, that she is qualified and

disabled without any supporting facts. Plaintiff responds that she pleads a specific disability – sickle cell anemia – that substantially limits major life activities.

A failure-to-accommodate claim under the ADA/FCRA requires Plaintiff to allege three elements: "(1) she was a qualified individual with a disability; (2) she made a specific request for a reasonable accommodation; and (3) her employer [] failed to provide a reasonable accommodation, or engage in the requisite interactive process in order to identify a reasonable accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1021 (11th Cir. 2020) (citing *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999)).

A person is considered to be disabled under the ADA if she has "(a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such an impairment; or (c) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff alleges more than the conclusory assertion that she is disabled. In her Amended Complaint, Plaintiff states that she has sickle-cell anemia, and alleges that this is a lifelong blood disorder that requires ongoing monitoring, intermittent leave, transfusions, and hospitalization, and that substantially limits circulation, energy, and concentration. These allegations are more detailed than those found to be insufficient in the cases Defendant cites. *See, e.g.*, *Garcia v. Goodwill Indu. of S. Florida, Inc.*, No. 18-25042-CIV, 2019 WL 6052814, at *5–6 (S.D. Fla. Nov. 15, 2019) (finding failure to allege disability when plaintiff's "sole contention" was that her "medical condition substantially limited her ability to go to work, a major life activity"); *Andrews v. City of Hartford*, 700 Fed. Appx. 924, 926–27 (11th Cir. 2017) (affirming dismissal of a disability claim because the plaintiff relied on the "conclusory statement that he was fired because of his disability, which was not sufficient to state a discrimination claim"); *Simpson v. Stepp's Towing Serv., Inc.*, No. 8:24-CV-02932, 2025 WL 2719234, at *2 (M.D. Fla. Sept. 24, 2025) (dismissing disability

claim, which merely recited that plaintiff was "a member of a protected class under the ADA" and "suffered from a mental or physical impairment which substantially limited one or more of her major life activities"). At the pleading stage, these factual allegations are sufficient to plausibly allege a disability under the ADA.

Defendant separately argues that Plaintiff fails to plausibly allege she is a qualified individual. Under the ADA, a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Whether a plaintiff can perform the essential functions of a position with or without reasonable accommodation requires a fact-intensive inquiry, and a court should consider the employer's description of the job and "how the job is actually performed in practice." *Samson v. Fed. Exp. Corp.*, 746 F.3d 1196, 1201 (11th Cir. 2014) (citations omitted).

In the Amended Complaint, Plaintiff asserts only that "[a]t all relevant times, [she] was qualified to work for Defendant[]." (D.E. 9 ¶¶ 12, 44, 77, 119, 160, 193). The Court does not accept these legal conclusions as true for purposes of a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Plaintiff states that she worked as a Contact Center Associate, but she does not explain what the essential functions of her job are. Without more, the Court cannot determine whether Plaintiff's disability impacted her ability to perform the essential functions of a Contact Center Associate with or without the accommodations she requested. Accordingly, Counts I and II must be dismissed for failure to state a claim for failure to accommodate.

## IV. <u>Count III: FMLA Interference</u>

Next, Defendant argues that the Amended Complaint alleges in conclusory fashion that Plaintiff was FMLA eligible but fails to support those allegations with facts. Plaintiff responds that

she alleges entitlement and multiple denials and interference events, and thus states a claim for FMLA interference with detailed factual allegations.

Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). To state a claim for interference under the FMLA, "an employee must allege that he was entitled to a benefit under the FMLA and was denied that benefit." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015) (citing *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1207 (11th Cir. 2001)). An eligible employee generally is one who has been employed by the employer for at least twelve months and has completed at least 1,250 hours of service during the twelve-month period preceding the requested leave. 29 U.S.C. § 2611(2)(A).

Here, Plaintiff does more than assert in a conclusory fashion that she was FMLA eligible. She alleges that she had been employed by Defendant since October 2021, had worked for Defendant for at least twelve months and provided at least 1,250 hours of service during that period, and that Defendant employed the requisite number of employees. (D.E. 9 ¶¶ 74, 81–82). Plaintiff further alleges that she suffers from sickle-cell anemia, and that by December 2022, she had become FMLA eligible and was approved for intermittent leave. (*Id.* ¶¶ 83–84). Taken as true, these allegations provide factual support for Plaintiff's assertions that she was an eligible employee under the FMLA. Accordingly, Defendant's motion to dismiss Count III on this basis is denied.

## V. <u>Count IV: FMLA Retaliation</u>

Defendant argues that Plaintiff's FMLA retaliation claim should be dismissed because she fails to plead the requisite but-for causal connection between her alleged FMLA complaint and her subsequent constructive discharge.[1] Plaintiff responds that she alleges a chain of retaliatory acts

[1] Defendant also contends that Plaintiff fails to allege that she was an eligible employee under the FMLA. As stated above, the Court finds that Plaintiff provides factual support for her assertions that she was an eligible employee.

continuing after the June 2023 complaint and a renewed protected complaint on February 5, 2024, just seven days before her resignation on February 12, 2024. Defendant replies that the clock for temporal proximity begins to run from the earliest complaint—not the latest complaint, and as such, her allegations of causation are not plausible.

To state a claim of retaliation under the FMLA, an employee must allege that: "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity." *Strickland*, 239 F.3d at 1207. "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

Defendant argues that Plaintiff cannot establish causation based on temporal proximity because the relevant period begins when Defendant first became aware of Plaintiff's protected activity, rather than when Plaintiff most recently complained of FMLA interference. *See Raspanti v. Four Amigos Travel, Inc.*, 266 Fed. Appx. 820, 823 (11th Cir. 2008); *Santiago v. Univ. of Miami*, No. 1:22-CV-23384, 2023 WL 3045417, at *11–12 (S.D. Fla. Apr. 6, 2023), *R&R adopted*, 2023 WL 3043414 (S.D. Fla. Apr. 21, 2023). But Plaintiff's retaliation claim is not premised solely on her complaints concerning Defendant's alleged FMLA violations. Plaintiff also alleges that she requested FMLA leave in January 2024 and later exercised her FMLA rights "[w]hile hospitalized and on protected medical leave" from January 26 through February 6, 2024. (D.E. 9 ¶¶ 132–35).

The exercise of FMLA rights constitutes protected activity for purposes of an FMLA retaliation claim. *See Jones v. Gulf Coast Health Care of Del., LLC*, 854 F.3d 1261, 1270–72 (11th Cir. 2017). And where the alleged retaliation is based on an employee's use of FMLA leave, the Eleventh Circuit measures temporal proximity "from the last day of an employee's FMLA leave

until the adverse action at issue occurs." *Id.* at 1272. Here, Plaintiff alleges that her protected leave continued through February 6, 2024, and that she was constructively discharged on February 12, 2024—six days later. At the pleading stage, that close temporal proximity is sufficient to plausibly allege a causal connection between Plaintiff's exercise of FMLA rights and the alleged adverse action. Accordingly, even assuming Plaintiff's renewed February 5 complaint does not independently restart the temporal-proximity period under *Raspanti*, Plaintiff has plausibly alleged causation based on her exercise of FMLA-protected leave immediately preceding the alleged adverse action.

## VI. Counts V and VI: Disability Retaliation

Finally, Defendant argues that Plaintiff's EEOC Charge is premised solely on the alleged denial of a "reasonable accommodation in the form of FMLA to attend appointments" which is not protected activity as a matter of law. Plaintiff responds that her pleaded retaliation theory is not limited to requesting leave—it is based on complaining about discrimination and unlawful treatment. Defendant replies that Plaintiff's EEOC Charge does not reference any other request for accommodation, nor does it reference any complaints of disability discrimination to support a retaliation claim.

To state a claim for retaliation under the ADA and the FCRA, a plaintiff must allege "(1) he engaged in statutorily protected expression, (2) he suffered an adverse employment action, and (3) the adverse employment action causally was related to the protected expression." *Sicilia v. United Parcel Serv., Inc.*, 279 Fed. Appx. 936, 939 (11th Cir. 2008) (citing *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004)). Defendant argues that Plaintiff has failed to plausibly allege the first element.

Defendant's argument appears to conflate the scope of Plaintiff's EEOC Charge with the sufficiency of the allegations in her Amended Complaint. The Charge determines the scope of the claims Plaintiff administratively exhausted; it does not, once exhaustion is established, restrict Plaintiff's complaint to the precise factual allegations contained therein. *See Batson v. Salvation Army*, 897 F.3d 1320, 1327–31 (11th Cir. 2018) (considering the contents of plaintiff's EEOC charge in determining the scope of administrative exhaustion and then separately evaluating the merits of the retaliation claim). Rather, allegations in a judicial complaint may "amplify, clarify, or more clearly focus" the allegations presented to the EEOC. *Gregory*, 355 F.3d at 1279–80. Accordingly, having concluded that Plaintiff exhausted the ADA and FCRA retaliation claims asserted in Counts V and VI, the Court looks to the Amended Complaint to determine whether Plaintiff plausibly alleges the elements of those claims.

The Amended Complaint alleges that Plaintiff engaged in protected activity by requesting reasonable accommodations and by complaining about what she believed to be disability discrimination and unlawful treatment related to her accommodations. A request for a reasonable accommodation may itself constitute protected activity for purposes of an ADA retaliation claim. *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). Plaintiff further alleges that Defendant responded to her protected activity by subjecting her to excessive documentation demands, threats of discipline, continued obstacles, and ultimately constructive discharge. Thus, Plaintiff does not merely rely upon Defendant's denial of the requested accommodation as both the underlying discrimination and the alleged retaliation, such that Counts V and VI are due to be dismissed. *See Calvo v. Walgreens Corp.*, 340 Fed. Appx. 618, 626 (11th Cir. 2009) (determining that the denial of requested accommodations is not an unlawful act for the purposes of a retaliation claim under the ADA).

This conclusion does not alter the Court's determination regarding the scope of Plaintiff's administrative exhaustion. Although the Court considers the allegations of the Amended Complaint in determining whether Plaintiff has plausibly stated a retaliation claim, those allegations may not supply a new and independent basis for liability based on discrete acts falling outside its scope. *See Gregory*, 355 F.3d at 1279–80. Accordingly, to the extent Plaintiff relies on earlier complaints or conduct not encompassed in the Charge, those allegations may provide background and context for the retaliation claims properly before the Court, but they do not independently support liability for an unexhausted act of retaliation. Counts V and VI therefore proceed only to the extent they arise from the retaliation encompassed by Plaintiff's Charge.

## CONCLUSION

For the reasons stated above, it is

**ADJUDGED** that Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Counts I and II are **DISMISSED WITH PREJUDICE**. It is further

**ADJUDGED** that Defendant shall file an Answer as to Counts III, IV, V, and VI no later than **September 24, 2026.**

DONE AND ORDERED in Chambers at Miami, Florida, this 24th of August 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record